IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL D. OWSLEY, ) | | |
| Register No. 122118, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4107-CV-C-NKL | |
| ) | | |
| STATE OF MISSOURI, et al., ) | | |
| ) | | |
| Defendants. ) | | |

### ORDER

On May 4, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on May 25, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff's claims challenging the revocation of his parole must be brought via a writ of habeas corpus, and are dismissed, without prejudice, for failure to state a claim on which relief may be granted, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). If plaintiff is able to invalidate his conviction or sentence, he may refile his claims under 42 U.S.C. § 1983 at that time. Plaintiff's claims challenging his denial of his conditional release are dismissed, with prejudice, for failure to state a claim on which relief may be granted. Missouri's conditional release statute, Mo. Rev. Stat. § 558.011 (West Supp. 2005), does not create a liberty interest, *see Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987), and therefore, plaintiff has no liberty interest protected by due process as to his conditional release. Thus, denial of conditional release by the parole board and its members fails to state a claim under 42 U.S.C. § 1983.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On May 4, 2005, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $250.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $250.00 filing fee if he filed another pleading in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $7.53.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $7.53 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $250.00 filing fee is paid in full. It is further

ORDERED that plaintiff's claims challenging the revocation of his parole are dismissed, without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim on which relief may be granted. It is further

ORDERED that plaintiff's remaining claims are dismissed, with prejudice, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted.

/s/
NANETTE K. LAUGHREY
United States District Judge

Dated: August 4, 2005
Jefferson City, Missouri